# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 28, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAMELA S. JEFFRIES,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0946**  (BOR Appeal No. 2049351)
                        (Claim No. 2013009666)

**WEST VIRGINIA SUPREME COURT OF APPEALS/PIC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela S. Jeffries, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Supreme Court of Appeals, by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 22, 2014, in which the Board affirmed a March 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 2, 2012, decision rejecting Ms. Jeffries's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jeffries, a secretary in the probation office located within the Summers County Courthouse, filed a Report of Injury alleging that she sustained injuries to multiple body parts and body systems after exposure to the strong odor of "ammonia cakes" and various other forms of indoor air pollution. On July 24, 2012, MSES Consultants issued a Report of Findings following an air quality investigation performed on April 4, 2012, and April 12, 2012, at the Summers County Courthouse in response to complaints of odors and bat guano falling from the attic space in the building. The final report indicated that testing was negative for the presence of

1

asbestos and Histoplasma Capsulatum fungus. Three species of Aspergillus were identified in minimal concentrations, and the report concluded that microbiological sampling indicated that mold amplification had not occurred within the building.

Ms. Jeffries began treating with Stanley Day, M.D., regarding symptoms arising from the alleged exposure on August 1, 2012, and she reported that following exposure to the faint smell of ammonia at work on July 31, 2012, she felt faint with an increased heart rate and felt that her respiratory system had been "chemically burned". Dr. Day diagnosed Ms. Jeffries with mild chemical pneumonitis. Over the course of the next month, Ms. Jeffries continued to seek treatment with Dr. Day for a myriad of symptoms following reported occupational exposure to the odor of urinal deodorizer blocks and bat guano. The claims administrator rejected Ms. Jeffries's application for workers' compensation benefits on October 2, 2012.

Eventually, Dr. Day referred Ms. Jeffries to Charles Werntz, D.O., who diagnosed her with occupational exposure to chemicals following Ms. Jeffries's report of respiratory and neurological symptoms arising from occupational exposure to the smell of ammonia and urinal deodorizer blocks. On October 25, 2012, Dr. Werntz opined that Ms. Jeffries's myriad of reported symptoms is difficult to characterize. He noted that pulmonary function tests are negative for asthma and opined that the condition known as "sick building syndrome" could include the various symptoms reported by Ms. Jeffries.

Finally, Christopher Martin, M.D., performed a records review on June 23, 2013. Dr. Martin noted that the instant claim is characterized by a high degree of non-specificity with respect to both Ms. Jeffries's alleged symptoms as well as the alleged exposures. He noted that the record indicates that at various times Ms. Jeffries has complained of bronchitis, pneumonitis, poisoning, allergies, sinus pain, ear pain, headache, episodic heart rate elevations, blurred vision, decreased mental acuity, shortness of breath, elevated white blood cell count, liver toxicity, loose stools, abdominal pain, and lightheadedness. Further, he noted that the record reveals that she has alleged occupational exposure to ammonia, urinal deodorizer blocks, bat guano, and a variety of fungi/molds. Dr. Martin then opined that radiographs obtained of Ms. Jeffries's chest are normal, which rules out a diagnosis of chemical pneumonitis. He further opined that an extensive investigation from both an environmental and medical point of view has failed to identify any specific exposures or diseases that would account for Ms. Jeffries's various symptoms. Additionally, he opined that after extensive research, he could not locate any literature reporting an occurrence of human toxicity in association with urinal deodorizer blocks. Finally, Dr. Martin opined that he is unable to diagnose any occupational disease which would account for Ms. Jeffries's complaints.

In its Order affirming the October 2, 2012, claims administrator's decision, the Office of Judges held that Ms. Jeffries has failed to show that she developed an occupational disease in the course of and resulting from her employment. Ms. Jeffries disputes this finding and asserts that she developed an illness as a result of repeated exposure to multiple indoor air pollutants in the course of her employment within the Summers County Courthouse.

In its capacity as the trier of fact, the Office of Judges determined that Dr. Martin's report is the most persuasive evidence of record. The Office of Judges specifically noted that in reaching the conclusion that he could find no relationship between Ms. Jeffries's complaints and her employment, Dr. Martin had the benefit of reviewing the entirety of Ms. Jeffries's medical record. Further, the Office of Judges noted that Dr. Martin also had access to the air quality investigative report provided by MSES Consultants, and noted that he also performed an extensive search of relevant medical literature. The Board of Review reached the same reasoned conclusions in its decision dated August 22, 2014. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 28, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II